UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS ANDREW STRONG,

        Petitioner,         Case Number: 5:13-CV-12427
                                        HON. JOHN CORBETT O'MEARA

v.

PAUL KLEE,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

       This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Marcus Andrew Strong, an inmate currently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights Michigan, filed a *pro se* petition for writ of habeas corpus challenging his convictions for voluntary manslaughter and witness intimidation. He raises these claims for habeas relief: ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and the trial court erred in assessing attorney fees without considering Petitioner's current and future financial circumstances. Respondent filed an answer arguing the claims are procedurally defaulted and/or meritless. For the reasons set forth, the Court denies the petition.

### I. Factual Background

       Petitioner was convicted of voluntary manslaughter and witness intimidation following a jury trial in Wayne County Circuit Court. The Michigan Court of Appeals

recited and relied on the following facts in denying Petitioner's appeal on direct review:

> In July 2003, Darrell Zion was driving a pickup truck on a residential street in Detroit, and he veered to avoid a group of people who were playing basketball. The truck hit some sand and struck a pole, and Zion and the victim emerged from the truck. A group of men approached them. Zion ran away, and the victim was beaten and kicked to death. Constance Holland, who lived in the neighborhood and witnessed the incident, knew defendants and identified them as the perpetrators. Zion, who was hiding nearby and witnessed the incident, identified defendants Strong and Warren.
>
> Less than two weeks after the incident, defendant Strong approached Holland outside a local store and punched her twice in the face, threatening to burn down her mother's house if she testified against him. Defendant Dunbar also told Holland that he would find out where her mother lived if she "told on him," and she construed this as a threat. Holland moved away from the neighborhood because she was afraid, and she avoided the police until 2006, when she was arrested as a material witness.
>
> All three defendants were charged with first-degree premeditated murder, M.C.L. 750.316(1)(a), and tried jointly before a single jury. All three defendants were convicted of the lesser offense of voluntary manslaughter, M.C.L. 750.321. Defendants Strong and Dunbar were also convicted of witness intimidation, MCL 750.122(7)(c).

*People v. Warren*, No. 276425, 2008 WL 2548445, at *2 (Mich. Ct. App. June 24, 2008).

On February 6, 2009, Petitioner was sentenced to 200 months to 40 years for each of his convictions. He filed an appeal of right in the Michigan Court of Appeals raising these claims: (i) counsel was ineffective for failing to sever the trial for the charge of witness intimidation; (ii) Petitioner was improperly sentenced as a fourth habitual offender; (iii) offense variable one was incorrectly scored; and (iv) counsel was ineffective for failing to interview alibi witnesses, failing to assert an alibi defense, and advising Petitioner not to testify in his own defense. The Michigan Court of Appeals

affirmed Petitioner's convictions, but held that Petitioner should have been sentenced as a third, rather than fourth, habitual offender. The court remanded for resentencing. *People v. Warren*, No. 276425, 2008 WL 2548445 (Mich. Ct. App. June 24, 2008).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising claims that trial counsel was ineffective for: (i) failing to interview alibi witnesses; (ii) failing to assert an alibi defense at trial; and (iii) advising Petitioner not to testify in his own defense. The Michigan Supreme Court denied leave to appeal. *People v. Strong*, 482 Mich. 1068 (Mich. Nov. 25, 2008).

On remand for resentencing, Petitioner was sentenced to concurrent terms of 129 months to 30 years for each of his convictions. Petitioner appealed his new sentence, challenging that portion of the judgment of sentence requiring him to reimburse the county for court-appointed counsel fees. The Michigan Court of Appeals affirmed the resentencing. *People v. Warren*, No. 290588, 2010 WL 716158 (Mich. Ct. App. March 2, 2010). The Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Strong*, 487 Mich. 857 (Mich. July 26, 2010).

Petitioner then filed a motion for relief from judgment in the trial court, raising these claims: (i) counsel was ineffective for failing to investigate exculpatory evidence and call exculpatory witnesses; and (ii) appellate counsel was ineffective in failing to raise this issue on direct appeal. The trial court denied the motion. 1/19/11 Opinion Denying Defendant's Motion for Relief from Judgment, *People v. Strong*, No. 06-9249. Petitioner filed an application for leave to appeal in the Michigan Court of Appeals,

raising the same claims raised in the trial court and an additional claim that counsel was ineffective in failing to file a motion to sever the trials between the co-defendants. The Michigan Court of Appeals denied the application for leave to appeal. *People v. Strong*, No. 302523 (Mich. Apr. 23, 2012). The Michigan Supreme Court also denied leave to appeal. *People v. Strong*, 491 Mich. 908 (Mich. Apr. 23, 2012).

Petitioner then filed the pending habeas corpus petition. He raises these claims:

I. Strong was denied the effective assistance of counsel by his counsel's:

    a. failure to interview alibi witnesses;

    b. failure to assert an alibi defense at trial; and

    c. advising Strong to forgo his constitutional right to testify without careful deliberations, forethought, or knowledge as to what Strong's testimony would have been.

II. The trial court abused its discretion by assessing a $2,090 attorney fee without adequately considering Strong's current and future financial circumstances.

III. Strong was denied the right to effective assistance of counsel when his counsel failed to investigate exculpatory witnesses.

IV. Strong was denied the right to effective assistance of counsel when his counsel failed to file a motion to sever the trials between the co-defendants.

V. Strong was denied the right to the effective assistance of appellate counsel by his appellate counsel's failure to raise all of these omitted issues on direct appeal.

## II. Standard

This habeas petition is reviewed under the exacting standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132,

110 Stat. 1214 (Apr. 24, 1996). Under AEDPA, a federal court cannot grant habeas relief with respect to any claim adjudicated on the merits in a state-court proceeding unless the state adjudication of the claim either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) quoting *Williams*, 529 U.S. at 413. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal

justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

To obtain relief under § 2254(d)(2), a petitioner must show an unreasonable determination of fact *and* that the resulting state court decision was "based on" that unreasonable determination. *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2012).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. Discussion

#### A. Ineffective Assistance of Trial Counsel Claims

Petitioner raises several ineffective assistance of trial counsel claims. He claims that counsel rendered ineffective assistance by: (i) failing to interview alibi witness; (ii) failing to present an alibi defense at trial; (iii) advising Petitioner not to testify in his own defense; (iv) failing to investigate exculpatory witnesses; and (v) failing to file a motion to sever the trials between co-defendants.

To establish that he received ineffective assistance of counsel, a petitioner must

show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court's review of counsel's performance must be "highly deferential." *Id.* at 689. Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Id.* at 123 (internal quotation omitted).

Petitioner argues that counsel was ineffective in failing to interview alibi witnesses and failing to present an alibi defense at trial. The Michigan Court of Appeals denied this claim, holding that Petitioner "fails to identify an alibi defense or any evidence to support

such a defense, and nothing in the record supports his claim that defense counsel failed to investigate an alibi defense. Therefore, he cannot overcome the presumption that counsel was effective." *Strong*, 2008 WL 2548445 at *5.

Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998). Petitioner fails to identify any alibi witnesses by name and fails to attach an offer of proof or affidavits sworn by the proposed witnesses. Petitioner offers no evidence as to whether his alleged alibi witnesses would have been willing to testify and what the content of their testimony would have been. In the absence of such proof, Petitioner is unable to establish that he was prejudiced by counsel's failure to call these witnesses to testify at trial. *See Clark v. Waller*, 490 F.3d 551, 557 (6th Cir. 2007).

Next, Petitioner argues that his attorney was ineffective for advising him not to testify in his own defense. The Michigan Court of Appeals found no evidence that Petitioner wished to testify but was prevented from doing so or that counsel's advice that Petitioner not testify was anything but sound. *Strong,* 2008 WL 2548445 at *5.

It is well-established that a criminal defendant has a constitutional right to testify in his own behalf. *See Rock v. Arkansas*, 483 U.S. 44, 52-53 & n. 10 (1987); *Neuman v. Rivers*, 125 F.3d 315, 318 (6th Cir.1997). When a tactical decision is made by an attorney that a defendant should not testify, the defendant's assent is presumed. *Gonzales v. Elo*, 233 F. 3d 348, 357 (6th Cir. 2000). A trial court has no duty to inquire *sua sponte* whether a defendant knowingly, voluntarily, or intelligently waives his right to testify.

*United States v. Webber*, 208 F. 3d 545, 551-52 (6th Cir. 2000). In addition, a state trial judge is not constitutionally required to specifically address a criminal defendant and both explain that he has a right to testify and ask him whether he wishes to waive that right. *Siciliano v. Vose*, 834 F. 2d 29, 30 (1st Cir. 1987). Waiver of the right to testify may be inferred from a defendant's conduct. Waiver is presumed from the defendant's failure to testify or notify the trial court of the desire to do so. *Webber,* 208 F. 3d at 551.

Here, Petitioner did not alert the trial court at any time that he wanted to testify. The record is void of any indication by Petitioner that he was unaware of his right to testify or that he disagreed with the decision not to testify. The record before the Court shows that the decision not to testify was a tactical one in which Petitioner acquiesced. Petitioner has not overcome the presumption that he willingly agreed not to testify. *Gonzales,* 233 F. 3d at 357. Therefore, the state court's decision was not contrary to or an unreasonable application of Supreme Court precedent.

Respondent argues that Petitioner next two claims of ineffective assistance of counsel are procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the Court finds that the interests of judicial economy are best served by

addressing the merits of these claims.

Petitioner claims that counsel was ineffective in failing to investigate exculpatory witnesses. This claim suffers from the same shortcomings as Petitioner's alibi-related ineffective assistance of counsel claims. Other than a conclusory assertion, Petitioner fails to identify with any specificity these potentially exculpatory witnesses or to offer any indication as to the substance of their testimony. Such bald, unsupported arguments do not justify habeas corpus relief.

Finally, Petitioner argues that defense counsel should have moved to sever Petitioner's trial from that of his co-defendants. A petitioner bears a heavy burden to show that he was denied a fair trial by the failure to sever his trial from a co-defendant's when both allegedly participated in the same offense. *See United States v. Horton*, 847 F.2d 313, 317 (6th Cir. 1988). "Courts should grant a severance 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Stanford v. Parker*, 266 F.3d 458-59 (6th Cir. 2001), *quoting Zafiro v. United States*, 506 U.S. 534, 539 (1993). Joint trials "play a vital role in the criminal justice system." *Richardson v. Marsh*, 481 U.S. 200, 209 (1987). The decision whether to grant a motion for severance is within the trial judge's discretion, and an "alleged abuse of [that] discretion, without more, is not a constitutional violation." *Id.* "[U]nder Michigan law, severance is required only when a defendant shows that it is necessary to avoid prejudice to his substantial rights." *Clark v. McLemore*, 291 F. Supp. 2d 535, 545 (E.D. Mich. 2003) (citing Mich.

Ct. R. 6.121(C)). "[T]here is no absolute right to a separate trial, and joint trials are strongly favored 'in the interest of justice, judicial economy and administration.'" *Id.*, quoting *People v. Etheridge*, 196 Mich. App. 43, 492 N.W.2d 490, 495 (1992).

Petitioner fails to demonstrate any specific way in which he was prejudiced by the joint trials. He identifies no specific right that was put at risk by a joint trial. Counsel, therefore, was not ineffective in failing to file a motion to sever.

### B. Court-Ordered Restitution

Petitioner argues that the trial court erred in ordering him to pay $2,090 in attorney fees. Subject matter jurisdiction exists under § 2254 "'only for claims that a person is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Washington v. McQuiggin*, 529 F. App'x 766, 772 (6th Cir. July 11, 2013) (quoting *Dickerson v. United States*, 530 U.S. 428, 439 n.3 (2000); 28 U.S.C. § 2254(a)). Restitution orders generally "fall outside the scope of the federal habeas statute because they do not satisfy the 'in custody' requirement of a cognizable habeas claim." *Id.* A federal court does not obtain jurisdiction over a challenge to a restitution order merely because the petitioner is in custody at the time he files his claim. There must be "a nexus between the petitioner's claim and the unlawful nature of the custody." *Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir. 2010). A restitution order "falls outside . . . the margins of habeas . . . because it is not a serious restraint on . . . liberty as to warrant habeas relief." *McQuiggin*, 2013 WL 3466439 at *5. Where a petition raises a challenge to a restitution order, the district court must dismiss that portion of the petition for lack of subject matter

jurisdiction. *Id.* at *6.

The Court lacks jurisdiction to address this claim because it does not relate to Petitioner's custody.

### C. Ineffective Assistance of Appellate Counsel Claims

Finally, Petitioner raises a claim that his appellate attorney was ineffective in failing to raise claims raised in this habeas petition but not raised on direct appeal. He raises this claim in an attempt excuse the anticipated procedural default of certain claims. The Court determined that the interests of judicial economy were best served by addressing the merits of the defaulted claims. Nevertheless, the Court will briefly address the ineffective assistance of appellate counsel claim.

Petitioner claims that appellate counsel was ineffective in failing to raise on direct review the claims raised in this petition but not raised on direct review. Petitioner has failed to show that these claims were potentially meritorious. Therefore, he cannot show that his appellate attorney was ineffective for failing to raise the claims on direct appeal.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. Title 28 U.S.C. § 2253 governs appeals in § 2254 proceedings and provides, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that when a district court denies a

habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). If a petitioner makes the requisite showing and a district court grants a certificate of appealability, the court must indicate the specific issue or issues for which the applicant made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(3).

For the reasons stated in this Opinion and Order, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability shall not issue in this case.

### V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

It is **FURTHER ORDERED** that a certificate of appealability is **DENIED**.

s/John Corbett O'Meara  
United States District Judge

Date: July 30, 2015

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 30, 2015, using the ECF system and/or ordinary mail.

s/William Barkholz  
Case Manager

13